IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| NETTAX, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:23-cv-00019 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| POLLO WEST CORPORATION, ) | By:   Hon. Thomas T. Cullen |
| ) |          United States District Judge |
| Defendant. ) | |

NetTax, LLC ("NetTax") brought a breach-of-contract action against Pollo West Corporation ("Pollo West") in the Circuit Court for the City of Martinsville. (Notice ¶ 1 [ECF No. 1]; Compl. ¶ 14 [ECF No. 1-1].) Pollo West removed the case to this court, and NetTax now moves to remand the case to circuit court. (ECF No. 11.) Despite the court's unquestioned jurisdiction, NetTax claims that Pollo West waived its right to remove the case to federal court when it assented to the contract at issue in this matter (the "Agreement"), which includes a forum-selection clause. (*See* Br. Supp. Mot. Remand at 1–2 [ECF No. 12].) The motion has been fully briefed and is ripe for decision.[1] Because the forum-selection clause is merely permissive and removal was otherwise proper, the court will deny NetTax's motion.

I.   BACKGROUND

On May 18, 2021, NetTax and Pollo West Corporation entered into the Agreement in which NetTax agreed to provide tax-consulting services to assist Pollo West. (Compl. ¶¶ 1–3.) NetTax is a Virginia limited liability company with its principal place of business in

---

[1] And oral argument would not aid the decisional process.

Martinsville, Virginia. (*Id.* ¶ 1.) Pollo West is a California corporation with its principal place of business in California. (*Id.* ¶ 2.) The Agreement "established NetTax's compensation as 25% of the tax credits identified in the Work Product and granted by the IRS." (*Id.* ¶ 5.) NetTax claims that it fully rendered the agreed-upon services but only received partial payment from Pollo West. It filed the present suit to recover the Agreement's unpaid balance—$454,747.25—plus interest, costs, expenses, and attorney's fees. (*Id.* ¶¶ 6–18.)

Of relevance to this motion, the Agreement includes the following choice-of-law and forum-selection clauses:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Virginia and the PARTIES agree to submit to the jurisdiction of the courts of said state with respect to any dispute arising hereunder.

(Compl. Ex. A, at 2 [ECF No. 1-1].)

Pollo West subsequently and timely removed the suit to federal court pursuant to 28 U.S.C. § 1441(b). (ECF No. 1.) NetTax now moves to remand the suit under 28 U.S.C. § 1447(c), asserting that Pollo West waived its right to remove the case from state court under the Agreement's forum-selection clause. (ECF No. 11).

## II.  STANDARD OF REVIEW

When a party seeks remand of an otherwise proper removal due to a forum-selection clause, the court's analysis is different than in the typical remand scenario. Typically, a district court must remand a matter after removal under 28 U.S.C. § 1447(c) if it lacks subject-matter jurisdiction over the matter. *See Gardner v. GMAC, Inc.*, 796 F.3d 390, 396 n.5 (4th Cir. 2015). If subject-matter jurisdiction exists but the party seeks remand based on a forum-selection clause, the relevant question is whether the forum-selection clause constitutes a waiver of the

statutory right to remove. *See Ruifrok v. White Glove Rest. Servs., LLC*, No. 10-cv-2111, 2010 WL 4103685, at *2 (D. Md. Oct. 18, 2010); *see also Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018)."A defendant may 'waive its right to remove an action to federal court via a valid and enforceable forum[-]selection clause that mandates a state court as the forum for a case.'" *U.S. Crane & Rigging, Inc. v. EC Source Servs., LLC*, No. 7:22-cv-481, 2023 WL 1797893, at *2 (W.D. Va. Feb. 7, 2023) (quoting *Abbington SPE, LLC v. U.S. Bank, Nat'l Assoc.*, 352 F. Supp. 3d 508, 514 (E.D.N.C. 2016)). When contesting removal based on a forum-selection clause, "the plaintiff must bear the burden of demonstrating that the defendant waived its right to remove an otherwise removable case by agreeing to a forum-selection clause." *Bartels*, 880 F.3d at 681.

## III. ANALYSIS

NetTax asserts that remand is proper because Pollo West waived its right to remove by agreeing to the forum-selection clause. (*See* Br. Supp. Mot. Remand at 1–2.) According to NetTax, that clause mandates Virginia state courts as the exclusive forum for any dispute arising under the Agreement. (*Id.* at 2–5.) Pollo West opposes remand, arguing that the forum-selection clause is ambiguous and therefore does not require that the case be heard in state court. (Opp'n Mot. Remand at 1 [ECF No. 14].) And because it did not waive its right to remove, Pollo West contends that the forum-selection clause does not bar removal. (*Id.* at 4.) The motion to remand, accordingly, turns on whether the forum-selection clause is permissive—meaning the case *may* be heard in Virginia state court—or if it is mandatory— meaning the case *must* be heard in Virginia state court.

The Agreement's choice-of-law provision requires the court to apply Virginia law in construing the forum-selection clause. *See Findwhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010). It is well-settled in Virginia that, "[w]hen a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written." *Palmer & Palmer Co., LLC v. Waterfront Marine Const., Inc.*, 276 Va. 285, 289 (2008).[2]

A forum-selection clause is presumed enforceable only if it is "mandatory rather than permissive." *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018). It follows that a party's agreement to a *permissive* clause does "not constitute a waiver of [its] right to remove a case from state to federal court under 28 U.S.C.[] § 1441." 14D Charles Alan Wright & Arthur D. Miller, *Federal Practice and Procedure* § 3803.1 (4th ed. 2023) (collecting cases). The parties agree that jurisdiction and venue are otherwise proper in this court; "If the clause is permissive, that ends the matter." *Unistaff, Inc. v. Koosharem Corp.*, 667 F. Supp. 2d 616, 618 (E.D. Va. 2009).

The court begins and ends its analysis by considering the language of the forum-selection clause. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010) ("When construing forum[-]selection clauses, federal courts have found dispositive the particular language of the clause and whether it authorizes another forum as an *alternative* to

---

[2] Virginia courts have not considered the mandatory/permissive distinction often, but generally follow the same rules as federal courts, placing emphasis on language of venue and exclusivity. *Compare Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 341 (1990) (enforcing a forum-selection clause in which the parties "consent[ed] to the jurisdiction and venue of any local, state or federal court located within the State of New York . . . and further *agree[d] that any and all causes of action . . . between the parties hereto shall only have jurisdiction and venue*" in those courts) (emphasis in original), *with S.W. Va., R.P.S, L.L.C. v. C.T.I. Molecular Imaging, Inc.*, 74 Va. Cir. 117, 121 (2007) (finding permissive a clause that stated "[t]he appropriate county or state courts of the State of Tennessee and the federal courts having jurisdiction thereover will have jurisdiction of any and all actions arising from this agreement") (cleaned up).

the forum of the litigation or whether it makes the designated forum *exclusive*.") (emphasis in original). "[W]here venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *BAE*, 884 F.3d at 472 n.7 (quoting *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.3d 753, 757 (7th Cir. 1992)).

Forum-selection clauses are mandatory if they include "specific language of exclusion." *Id.* at 472. Such language may include "shall, only or exclusive," but there "is no talismanic word, or set of words, the absence of which renders a clause permissive rather than mandatory." *Unistaff*, 667 F. Supp. 2d at 619–20 (cleaned up). "Rather, the key is that the language used, whatever it may be, indicates the parties' intent to specify a particular venue as the situs for resolution of their disputes." *Id.* at 620. For example, a court in this district recently found the following clause to be mandatory: "As to any disputes arising between Lessee and Lessor, both parties agree to jurisdiction *and exclusive venue* in Giles County, Virginia." *U.S. Crane & Rigging*, 2023 WL 1797893, at *1, *3 (emphasis added); *see also Paul Bus. Sys.*, 240 Va. at 341, 344 (enforcing a clause that stated, "[A]ny and all causes of action hereunder by and between the parties hereto *shall only have jurisdiction and venue* in the local, state or federal courts in the State of New York") (emphasis added).

If the clause merely "permits jurisdiction in one court but does not prohibit jurisdiction in another[,]" it is permissive. *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007). As the Fourth Circuit has established, "an agreement *conferring* jurisdiction in one forum will not be

interpreted as *excluding* jurisdiction in another unless the clause expressly sets forth specific language of exclusion." *BAE*, 884 F.3d at 472 (cleaned up) (emphasis in original).

The forum-selection clause here is permissive. NetTax's forum-selection clause states only that the parties "submit to the jurisdiction" of Virginia state courts with respect to any claims that might arise from the Agreement. (Compl. Ex. A, at 2.) The clause makes no mention of a specific venue, much less that that any venue is required for any future lawsuit. *Cf. BAE*, 884 F.3d at 472 n.7. In fact, it lacks any of the obligatory "specific language of exclusion" that would suggest the parties intended to make Virginia state courts the only place where disputes arising from the Agreement could be heard. *Id.* at 472; *Unistaff*, 667 F. Supp. 2d at 620. In other words, the clause does not require this case to be heard in Virginia state courts; it "mandates nothing more than that the [Virginia] courts have jurisdiction." *S.W. Va., R.P.S, L.L.C.*, 74 Va. Cir. at 121 (quoting *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)).

NetTax's arguments to the contrary fall short. First, NetTax cites to the use of "shall" in the preceding choice-of-law provision as evidence that the forum-selection clause is mandatory. (Br. Supp. Mot. Remand at 3.) But even if "shall" did impute to the forum-selection clause,[3] "the use of 'shall' is not dispositive, because, in context, the clause may still permit jurisdiction in one court but not prohibit jurisdiction in another." *BAE*, 884 F.3d at 472 (cleaned up).

---

[3] "[T]he parties' choice of law provision (even assuming that it is binding and controls all of plaintiff's claims) appears to carry little, if any, weight in determining whether the parties' forum selection clause was intended as mandatory or permissive." *K & V Sci. Co. v. BMW*, 314 F.3d 494, 501 (10th Cir. 2002).

NetTax also argues that the clause is "unequivocally mandatory" because Pollo West "*agreed to submit* to the courts of Virginia 'any disputes.'" (Br. Supp. Mot. Remand at 3 (emphasis in original).) The court is not persuaded. Both federal courts and Virginia state courts alike have held that a party's submission or consent to a particular court's jurisdiction over all disputes arising out of a contract, without other language of exclusion or specific venue, is not enough to render a forum-selection clause mandatory. *See, e.g.*, *S.W. Va., R.P.S, L.L.C.*, 74 Va. Cir. at 121 (finding permissive a clause that stated Tennessee courts "will have jurisdiction of any and all actions arising from this agreement"); *Uretek, ICR Mid-Atlantic, Inc. v. Adams Robinson Enters., Inc.*, No. 3:16-cv-00004, 2017 WL 4171392, at *1 (W.D. Va. Sept. 20, 2017) (finding the clause "the parties specifically agree that the [*sic*] consent to the jurisdiction of the state and federal courts located in Dayton, Ohio" to be permissive); *Sandy Spring Bank v. Advanced Sys. Servs., Corp.*, No. 1:09-cv-23, 2009 WL 855730, at *4 (E.D. Va. Mar. 30, 2009) (finding permissive the clause, "Borrower irrevocably submits to the Jurisdiction of any state or federal court sitting in the State of Maryland of any suit[,] action or proceeding arising out of or regarding to this Note").

NetTax points to *Central Coal Co. v. Phibro Energy, Inc.* to support its argument that the forum-selection clause is mandatory. 685 F. Supp. 595 (W.D. Va. 1988); (Br. Supp. Mot. Remand at 4.) In that case, the court found that the language, "[E]ach party expressly submits to the jurisdiction of the State of New York, U.S.A. and the federal courts situated in New York City," was mandatory. *Id.* at 596, 599. Given the recent Fourth Circuit precedent

- 7 -

discussed (as well as the plethora of cases that have questioned the holding in *Central Coal*[4]), the court is not constrained by that decision. Furthermore, that decision stood on shaky ground when it was decided. *See id.* at 597–98. For one, the court relied heavily on a Fourth Circuit case that interpreted a clause dissimilar to the one in *Central Coal*. *See Sterling Forest Assocs., Ltd. v. Barnett–Range Corp.*, 840 F.2d 249 (4th Cir.1988) (finding mandatory a clause that stated "jurisdiction *and venue shall* be in California") (emphasis added). Similarly, although it acknowledged that the language was "perhaps not as strong as it could be," the court reasoned that finding the clause permissive would render it "meaningless and redundant." *Central Coal*, 685 F. Supp. at 598. But finding that the forum-selection clause at issue here is permissive does not make it meaningless or redundant; it still serves an important purpose in requiring Pollo West "to avail itself to personal jurisdiction in Virginia, which would otherwise not have personal jurisdiction over it . . . ." (Opp'n Mot. Remand at 2.) These material distinctions render *Central Coal* unpersuasive, and the court instead relies on Fourth Circuit and Virginia precedent.

By the Agreement's plain meaning, the forum-selection clause is permissive and does not constitute a waiver of Pollo West's right to remove the case to federal court.[5]

---

[4] *See, e.g.*, *S.W. Va., R.P.S, L.L.C.*, 74 Va. Cir. at 120–21; *Guy F. Atkinson Const., a Div. of Guy F. Atkinson Co. v. Ohio Mun. Elec. Generation Agency Joint Venture 5*, 943 F. Supp. 626, 628 n.2 (S.D.W. Va. 1996).

[5] The court does not consider the forum-selection clause's language ambiguous under Virginia law as Pollo West suggests. *See Erie Ins. Exch. v. EPC MD 15, LLC*, 297 Va. 21, 29–30 (2019). But if any ambiguity existed, the result would be the same, as "such ambiguity must be construed against the drafter of the agreement." *Cappo Mgmt. V, Inc. v. Britt*, 282 Va. 33, 37 (2011). NetTax drafted the agreement. (*See generally* Compl. Ex. A.); *accord Hunt Wesson Foods, Inc.*, 817 F.2d at 78 ("Construing the language against [the drafter], we would conclude that the clause does not provide for an exclusive forum.").

## IV. CONCLUSION

For these reasons, the court will deny NetTax's motion to remand.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 15th day of September, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE